UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MURRAY SHADBOLT,<br><br>    Plaintiff,<br><br>    v.<br><br>BERNZOMATIC, NEWELL, RUBBERMAID, INC. AND DOES 1 TO 10,<br><br>    Defendants. | No. 2:13-cv-01298-MCE<br><br>**MEMORANDUM AND ORDER** |

On June 28, 2013, Murray Shadbolt ("Plaintiff") filed this action against Bernzomatic,[1] Newell Rubbermaid, Inc. ("Newell") (collectively referred to as "Defendants") seeking "injunctive relief to amend and expand product recall and comply with DOT 39" and alleging negligence and fraud. (ECF No. 1.)  Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint.  (ECF No. 6.)[2]  The Court GRANTS Defendants' Motion to Dismiss for the reasons described below.  (ECF No. 6.)

///

---

[1] Bernzomatic was previously an unincorporated division of Irwin Industrial Tool Company. Bernzomatic is not a legal entity that can be sued.  In July 2011, Bernzomatic was sold to Worthington Industries, an Ohio corporation.  (ECF No. 6-1 at 1.)

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[3]

This action involves a product, known as a MAPP gas torch ("MAPP"). On March 25, 2011, Plaintiff was using a portable MAPP manufactured by Defendants in a single-family residential building to perform plumbing. Plaintiff fired the torch two times while it was in a vertical position. Within seconds a flame started between the tank and the torch. The MAPP dropped onto to the floor. Soon, the flame from the MAPP caught some towels and the doorway on fire. Other individuals present brought in some snow and Plaintiff tried to suppress the fire with the snow. Plaintiff attempted to retrieve the MAPP, but it was too hot. Plaintiff instructed the other two persons to leave the area, and at that moment the MAPP exploded violently and traveled towards Plaintiff. Plaintiff ducked out of the way. The fire then cleared out rapidly, but it left Plaintiff with severe burn injuries and near-total hearing loss. It also caused substantial damage to the residential dwelling.

In January 2012, Defendants recalled the MAPP gas fuel cylinders. On March 25, 2013, Plaintiff filed suit in Saskatchewan, Canada, based on the same incident as the instant action. Shadbolt v. Newell Rubbermaid, Inc., Q.B. No. 18 of 2013. (ECF No. 1, Ex. A.) In May 2013, Plaintiff found information on the internet identifying various defects and incidents of product failures of the MAPP. Based on that information, Plaintiff concluded that Defendant misrepresented the nature of the defect of the product and filed this action.

# STANDARD

The common law doctrine of forum non conveniens allows a court to decline to exercise jurisdiction over a dispute when the convenience of the parties so dictates. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504 (1947).

---

[3] The facts are taken, sometimes verbatim, from the Plaintiff's Complaint. (ECF No. 1.)

Granting such a motion results in the dismissal of the litigation. When a suit is brought before the court that should have been brought elsewhere, and the court does not have the power to transfer the suit to the foreign jurisdiction, the lawsuit may properly be dismissed. See Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd., 918 F.2d 1446, 1448–49 (9th Cir. 1990).

A forum non conveniens dismissal will "ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience to support his choice." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981). The moving party has the burden of proving, and the court must consider: (1) the existence of an adequate alternative forum; and (2) whether the balance of public and private factors favors dismissal. Loya v. Starwood Hotels & Resorts Worldwide, Inc., 583 F.3d 656, 664 (9th Cir. 2009). The required showings by the moving party must "overcome the great deference due to plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown." Id. at 664. While Plaintiff's choice of forum is given some deference in the balancing of private and public interest factors, foreign plaintiffs who initiate litigation in United States courts are entitled to less deference. Piper Aircraft Co., 454 U.S. at 256.

## ANALYSIS

### A.   Allegations in the Complaint Have No Nexus to California

After a full review of the documents filed herein, it is unclear to the Court why Plaintiff filed this action in the Eastern District of California. Plaintiff is a foreign national residing in Saskatchewan, Canada. (ECF No. 1.) The accident that injured Plaintiff happened in Canada. (Id.) Three months before filing this Complaint, Plaintiff filed the same action in Saskatchewan, Canada. (ECF No. 1, Ex. A.)

Defendant Irwin Industrial Tool Company is incorporated in Delaware and its principal place of business is in Atlanta, Georgia. (ECF No. 6, Ex A.)[4] Defendant Newell is incorporated in Delaware and its principal place of business is also in Georgia. (ECF No. 6, Ex B.) Newell's only relationship to California is that it is an international corporation that sells products in every state and many other countries, including Canada. Plaintiff argues Newell has an agent who accepts service of process in Sacramento, California. (ECF No. 9.) Newell has an agent who accepts service of process in every state and country it does business. (ECF No. 6-1.)

Based on the facts above, it is unclear why Plaintiff filed an action in the Eastern District of California as the allegations in the Complaint have no nexus to California.

### B.  An Adequate Alternative Forum Exists

In this case, Defendants must prove: (1) the existence of an adequate alternative forum; and (2) that the balance of public and private factors favors dismissal. Loya v. Starwood Hotels, 583 F.3d at 664.

Here, Plaintiff filed a similar case in Canada three months before filing the Complaint in the instant action. (ECF No. 1, Ex. A.) Plaintiff's Canadian case provides an alternative forum for this litigation. Loya, 583 F.3d at 665 ("A district court has discretion to decide that a foreign forum is more convenient."). Newell is registered to do business in Canada, has a registered agent to accept service of process for matters filed in Canadian civil courts, and is amenable to service in Saskatchewan, Canada. (ECF No. 6, Ex D.)

---

[4] In Defendants' Motion to Dismiss, Defendants ask the Court to take judicial notice of (1) Exhibit A, records from the state of Delaware; (2) Exhibit B, records from the state of Delaware; (3) Exhibit C, a record from the state of California; (4) Exhibit D, a Canadian Corporate Registry Profile Report; and (5) Exhibit D, an Order from the United States District Court for the Southern District of California. (ECF No. 6.) Pursuant to Federal Rule of Evidence 201(d), the Court takes judicial notice of Defendants' Exhibits A through E as all the exhibits are "facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."

Defendants, as sellers of products in Canada, are subject to the jurisdiction of Canadian civil courts in actions filed by Canadians as a result of incidents that occur with those products in Canada. Canadian common law and statutory law provides protection from product harm and remedies for individuals who are injured by products. See, e.g., Privest Properties Ltd. v. W.R. Grace & Co. of Canada Ltd. (1995), 128 D.L.R. (4th) 577 (B.C.S.C.); Hollis v. Dow Corning Corp. (1995) 4 S.C.R. 634; Koubi v. Mazda Canada Inc., et al., 2012 BCCA 310; Canada Consumer Product Safety Act (S.C. 201, c 21).

### C. The Balance of Private and Public Interests Factors Weighs Heavily In Favor of Dismissal

Defendants must demonstrate that the balance of public and private factors favor dismissal. Loya v. Starwood Hotels, 583 F.3d at 664. The private interest factors to be considered include: (1) the residence of the parties and witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) any practical problems or other factors that contribute to an efficient resolution. Tuazon v. R.J. Reynolds Tobacco, 433 F.3d 1163, 1181 (9th Cir. 2006); see also Loya, 583 F.3d at 664.

In this case, the private factors weigh in favor of dismissal. Here, a Canadian citizen filed an identical, second suit in California. Most of Plaintiff's evidence will be located in Canada. Plaintiff, first responders, and medical providers will be from Canada. Defendants are not residents of California and none of the witnesses that would be called from either entity are residents of California; however, Plaintiff argues that all Defendants' witnesses reside somewhere in the United States. (ECF Nos. 6-1 and 9.) Defendants' witnesses will have to travel to testify in this Court or in a Canadian Court. If this action continued here, both Plaintiff's and Defendants' witnesses would be forced to travel to the Eastern District of California. Because the Court is dismissing this action, none of Plaintiff's witnesses will have to travel to testify.

1	The five public interest factors for the Court to consider in a <u>forum non conveniens</u> motion are: (1) the local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to a particular forum.  <u>Tuazon</u>, 433 F.3d at 1181–82.

	The public factors overwhelmingly favor dismissal.  Plaintiff argues that "the public interest is here on U.S. soil where a great number of these injuries have occurred now for many years, and where they will obviously continue to occur."  (ECF No. 9 at 4.)  The Court disagrees and concludes that Canada has a stronger interest in this lawsuit than California.  The incident occurred in Canada, and there is already a case pending over this incident in Canada.  This case has no connection to California; thus, it would be an irresponsible use of already scarce judicial resources to let it proceed here when there is another adequate (and more appropriate) forum.  <u>Vivendi SA v. T-Mobile USA</u>, Inc., 586 F.3d 689, 696 (9th Cir. 2009) (concluding that the burden on local courts and juries unconnected to the case and the costs of resolving a dispute unrelated to the forum favor dismissal).  Thus, similar to the private factors, the public factors weigh in favor of dismissal.

**CONCLUSION**

	Based on the reasoning above, the Court GRANTS Defendants' Motion to Dismiss without leave to amend for the reasons described above. (ECF No. 6.)  The Clerk of the Court is directed to close this case.

	IT IS SO ORDERED.

Dated:  August 30, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT