UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MURRAY SHADBOLT, | No. 13-cv-01298-MCE |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| BERNZOMATIC, et. al., | |
| Defendants. | |

On September 3, 2013, the Court granted Defendants' Motion to Dismiss without leave to amend and directed the Clerk of the Court to close this case.[1]  (ECF No. 15.) On September 12, 2013, Murray Shadbolt ("Plaintiff") filed a Motion for Reconsideration and a Motion to Amend (collectively referred to as "Motions").  (ECF Nos. 17 and 18.)

Both Federal Rule of Civil Procedure 60 and Eastern District Local Rule 230 ("Rule 230") govern Plaintiff's Motion for Reconsideration.[2]  Fed. R. Civ. P. 60(b); E.D. Cal. Local R. 230(j).

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[2] All future references to Rule or Rules are referring to the Federal Rules of Civil Procedure unless specified otherwise.

1

Rule 60(b) empowers the Court to relieve a party from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) judgment has been satisfied, released or discharged; and (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Local Rule 230(j) states:

> Whenever any motion has been granted or denied . . . and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge . . . to whom such subsequent motion is made an affidavit or brief . . . setting forth the material facts and circumstances . . . including:
>
> (1)   when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2)   what ruling, decision, or order was made thereon;
>
> (3)   what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4)   why the facts or circumstances were not shown at the time of the prior motion.

Plaintiff argues that he filed his Motions because new facts which did not exist or were not shown at the prior motion exist; specifically, Plaintiff argues that "the named defendant is potentially not the correct defendant."  (ECF No. 17.)  Plaintiff alleges that a footnote in the Court's September 3, 2013 Order alerted him to the possibility that Worthington Cylinder Corporation ("Worthington") could have been added as a defendant.  (Id.)  Plaintiff's argument is unconvincing for several reasons.  Worthington's potential involvement in this case is not a newly discovered fact.  Plaintiff attached a Worthington recall notice to his Complaint.  (ECF No. 1, Ex. B.)  Further, Defendants referenced Worthington in their Motion to Dismiss (ECF No. 6), which Plaintiff opposed in writing.  (ECF No. 9.)

Even if the Court considered Worthington's involvement newly discovered evidence, it would not change the Court's decision to dismiss the case.  Worthington is an Ohio-based company.  (ECF No. 27.)

Plaintiff is a Canadian citizen, and this action stems from an accident that occurred in Canada.  Plaintiff already filed suit in Saskatchewan, Canada, based on the same incident.  <u>Shadbolt v. Newell Rubbermaid, Inc.</u>, Q.B. No. 18 of 2013.  (ECF No. 1, Ex. A.)  Even if Plaintiff named Worthington as a Defendant, there would still be no nexus to the Eastern District of California and it is still unclear to the Court why Plaintiff filed this action here.  Because Plaintiff failed to meet Rule 60 or Local Rule 230, Plaintiff's Motion for Reconsideration is denied.

Plaintiff also filed a Motion to Amend (ECF No. 18).  The Court's September 3, 2013 Order closed this case and dismissed it without leave to amend (ECF No. 15); thus, Plaintiff's request is improper.

Both of Plaintiff's Motions are hereby DENIED, and the Clerk of the Court is directed to disregard all future filings in this case as it is CLOSED with prejudice and no leave to amend.  (ECF Nos. 17 and 18.)

IT IS SO ORDERED.

Dated:  October 31, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT